UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD RENE GARRETT,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS
AND ITS EMPLOYEES, JOHN CHRISTIANSEN,
D. FENBY, M. DESCO, J. BADGEROW,
DEPUTY WARDEN MINIARD, NICHOLAS WHITE,
E. BALCARCEL, ADW MAKARA, I. SCOTT, and
L. ANDERSON,

        Defendants.

_____/

CASE NO. 19-cv-10213

HON. AVERN COHN

## ORDER OF SUMMARY DISMISSAL

### I. Introduction

This is a pro se civil rights action under 42 U.S.C. § 1983. Plaintiff Ronald Rene Garrett is a Michigan prisoner proceeding. The defendants are: the Michigan Department of Corrections and its employees; warden John Christiansen; deputy warden of custody D. Fenby; inspector M. Desco; administrative assistant J. Badgerow; deputy warden of housing Miniard; prison counselor Nicholas White; acting warden E. Balcarcel; assistant deputy warden Makara; resident unit manager I. Scott; and grievance coordinator L. Anderson. For the reasons that follow, the complaint will be dismissed because none of plaintiff's claims state plausible claims for relief.

II. Legal Standard

Plaintiff was permitted to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); McGore v. Wrigglesworth, 114 F. 3d 601, 604 (6th Cir. 1997). 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). Sua sponte dismissal is appropriate if the complaint lacks an arguable basis when filed. McGore, 114 F. 3d at 612; Goodell v. Anthony, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. West v. Atkins, 487 U.S. 42, 48 (1988). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." Redding v. St. Eward, 241 F. 3d 530, 532 (6th Cir. 2001). For the reasons set forth below, the complaint fails to state a claim for which relief may be granted and will be dismissed.

### III. The Complaint

The facts, as gleaned from the complaint and attachments, indicate that plaintiff was sent to the Central Michigan Correctional Facility on March 2, 2018. He subsequently asked state officials for a higher security level and protection from certain correctional officers who were harassing him. His requests were denied. He asked for protection again on April 24, 2018, when a correctional officer charged him with failing to obey a direct order and sent him to the west side of the prison. In May of 2018, officers harassed him and retaliated against him when he wrote a grievance about a correctional officer and requested a soft-food diet due to the loss of two teeth.

Continuing, plaintiff alleges that, in October and November of 2018, he wrote to several of the defendants about the problems that he was having with the correctional officers. He asked for a transfer to another prison or a move to another unit, but his requests were denied. Finally, during a six-week period near the end of 2018, he received twelve misconduct reports, which increased his security level and resulted in his transfer to the Saginaw Correctional Facility in Freeland, Michigan.

Plaintiff claims that the defendants covered up the correctional officers' misconduct toward him and did nothing to resolve his problems with the officers or the retaliatory transfer to the Saginaw Correctional Facility. Instead, according to plaintiff, the defendants allowed the correctional officers to continue to harass him and retaliate against him. Furthermore, defendant Anderson deprived him of the right to file a grievance about the retaliatory transfer to another prison. Plaintiff seeks the following relief: a declaration that the defendants violated his constitutional rights; an investigation into staff corruption at the Central Michigan Correctional Facility; and money damages.

IV. Analysis

As an initial matter, plaintiff's claims against the Michigan Department of Corrections are barred by the Eleventh Amendment because it is an agency of the state of Michigan. The Eleventh Amendment bars suits against a state or one of its agencies or departments unless the state has consented to suit. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.' " McCormick v. Miami Univ., 693 F.3d 654, 661 (6th Cir. 2012) (quoting Thiokol Corp. v. Dep't of Treasury, 987 F.2d 376, 381 (6th Cir. 1993)).

"The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," Johnson v. Unknown Dellatifa, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by

passing section 1983." Thiokol Corp., 987 F.2d at 383 (citing Quern v. Jordan, 440 U.S. 332 (1979)). Therefore, the Michigan Department of Corrections must be dismissed.

Plaintiff's claims against the remaining defendants also fail to state a claim for which relief may be granted. He attempts to hold most of the individual defendants liable under the Eighth Amendment, which prohibits the infliction of cruel and unusual punishment. U.S. Const., amend VIII.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). However, a prison official violates the Eighth Amendment only when (1) the deprivation alleged is sufficiently serious and (2) the prison official has a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In prison-conditions cases, a sufficiently culpable state of mind is one of deliberate indifference to an inmate's health or safety, id., and conditions that "deprive inmates of the minimal civilized measure of life's necessities" can be cruel and unusual punishment under contemporary standards of decency. Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

Verbal abuse, harassment, or arbitrariness, however, do not qualify as punishment, Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987), and "do not constitute the type of infliction of pain that the Eighth Amendment prohibits." Johnson, 357 F.3d at 546. Additionally, a supervisory official's mere failure to intervene or to act does not subject the official to liability under § 1983. Grinter v. Knight, 532 F.3d 567, 576 (6th Cir. 2008). Therefore, Plaintiff's Eighth Amendment claim fails. To the extent plaintiff is attempting to hold the defendants liable on a respondeat superior theory of liability, his

claim fails for the additional reason that vicarious liability does not apply to § 1983 suits. Iqbal, 556 U.S. at 676.

Plaintiff's First Amendment claims also fails. He alleges that defendant Anderson violated his constitutional rights by either denying his grievance or preventing him from filing a grievance about the transfer to another prison.

Prisoners have a First Amendment right to file nonfrivolous grievances against prison officials. Maben v. Thelen, 887 F.3d 252, 264 (6th Cir. 2018). However, "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension." Alder v. Corr. Med. Servs., 73 F. App'x 839, 841 (6th Cir. 2003). Further, the restriction placed on Michigan prisoners who file excessive and meritless grievances merely "entails seeking approval before a grievance may be filed." Davis v. Martin, 52 F. App'x 717, 718 (6th Cir. 2002).[2] The restriction "does not deny a Michigan prisoner the right or ability to seek redress for meritorious grievances." Kennedy v. Tallio, 20 F. App'x 469, 470 (6th Cir. 2001). As such, plaintiff's claim that defendant Anderson violated his First Amendment rights by refusing to file one of his grievances lacks merit.

V. Conclusion

For the reasons stated above, plaintiff's claims lack an arguable basis in law and fail to state claims for which relief may be granted.

---

[2] See Michigan Department of Corrections Policy Directive 03.02.130 (July 9, 2007), p. 6, ¶ KK (explaining that, "[w]hile on modified access [to grievance procedures], the prisoner or parolee shall be able to obtain grievance forms only through the Step I Grievance Coordinator. A grievance form shall be provided if the Step I Grievance Coordinator determines that the issue the prisoner or parolee wishes to grieve is grievable and otherwise meets the criteria outlined in this policy."

Accordingly, the complaint is summarily DISMISSED under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 3/27/2019
      Detroit, Michigan